UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cr-129 |
| ) | (Phillips/Guyton) |
| ADAM HOLMES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On December 22, 2008, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a twenty-one page Report and Recommendation ("R&R") [Doc. 22], in which he recommended that defendant's Motion to Suppress Evidence [Doc. 12] be denied. After the deadline for timely objections passed under Rules 59(b)(2) and 45 of the Federal Rules of Criminal Procedure without objection from either party, this court entered an order adopting in whole the R&R. [Doc. 24].

Defendant has now filed a Motion to Late File Objection to Report and Recommendation and Motions [Doc. 25]. Defendant seeks to file an objection to the R&R [Doc. 26] and a Motion to Supplement the Record [Doc. 28]. Additionally, defendant has filed a Motion to Dismiss "Schoolhouse" Statute in the Superseding Indictment Because of Its Inapplicability to the Facts and Circumstances in This Case [Doc. 27].

While a failure to object in accordance with the time limits established by Rule 59(b)(2) typically waives a party's right to review, Fed. R. Crim. P. 59(b)(2), the court nevertheless retains the discretion to entertain an untimely objection, *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The court will

-1-

**GRANT** defendant's motion to file an untimely objection [Doc. 25], as the government does not oppose the motion, and in any event, the court finds that defendant's objection to the R&R is without merit. Furthermore, defendant's motion to supplement and motion to dismiss will be denied.

**I.      Objection to the R&R and Motion to Supplement the Record**

Defendant has objected to the R&R on the grounds that additional evidence, not entered as exhibits on the record at the suppression hearing, would tend to discredit the testimony of the government's witness such that probable cause to arrest defendant was not established. Defendant has contemporaneously moved to supplement the record with this evidence.

The court declines, however, to consider the new evidence, without defendant having established the proper evidentiary bases for its admission into the record and without the full procedure of an adversarial proceeding. Accordingly, defendant's Objection to Report and Recommendation [Doc. 26] and Motion to Supplement the Record [Doc. 28] are denied. Should defendant wish to enter the proposed supplements as evidence, he should move to reopen the suppression hearing.

**II.     Motion to Dismiss "Schoolhouse" Statute**

Count Two of the indictment charges defendant with a violation of 21 U.S.C. § 860. That section provides an enhanced penalty for "[a]ny person who violates section 841(a)(1) of this title ... by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary ... school." 21 U.S.C. § 860(a). Green Magnet School is within 1,000 feet of the convenience store at which defendant was arrested. Defendant does not dispute this but nevertheless moves to dismiss Count Two, arguing that "[a]ll the defendant did was drive on a public street by the school in question and stop at a convenience store some 900 feet from the school." [Doc. 27 at 1]. Citing *United States v. Coates*,

739 F. Supp. 146 (S.D.N.Y. 1990) and *United States v. Liranzo*, 729 F. Supp. 1012 (S.D.N.Y. 1990),[1] defendant argues that "[u]sing a means of transportation to drive by a school is not within the applicability of the statute." [Doc. 27 at 1].

The court finds defendant's arguments to be without merit. In *United States v. Coates*, two defendants were arrested at Penn Station in new York City, one aboard a train he had just boarded and the other inside the station. *Coates*, 739 F. Supp. at 149-50, 153. The court held that "[t]o charge a schoolyard count in these circumstances stretches the scope of the statute beyond logical and acceptable bounds," because "[t]here [was] no evidence that they were in Penn Station to distribute cocaine within 1,000 feet of a school, or, for that matter, to distribute cocaine within New York State at all." *Id.* at 153. Similarly, in *United States v. Liranzo*, defendant was arrested in the Port Authority bus terminal in New York City for possessing cocaine. *Liranzo*, 729 F. Supp. at 1013. The court dismissed the schoolhouse charge on the grounds that defendant did not intend to distribute the cocaine within 1000 feet of the school but rather intended to distribute it in Reading, Pennsylvania. *Id.* at 1013-14. Defendant argues that his circumstances are similar and that "[u]sing a means of transportation to drive by a school is not within the applicability of the statute." [Doc. 27 at 1].

The Sixth Circuit, however, has rejected any requirement that there be an intent to distribute the drugs within the 1000 foot vicinity of the school. In the Sixth Circuit, 21 U.S.C. § 860 is interpreted "as not incorporating any *mens rea* requirement, and therefore the jury [does] not need to find an intent on [defendant's] part to deliver drugs within 1000 feet of the school." *United States v. Lloyd*, 10 F.3d 1197, 1218 (6th Cir. 1993) (citing *United States v. Cross*, 900 F.2d 66, 68-99 (6th Cir.

---

[1] 21 U.S.C. § 860 was formerly codified as 21 U.S.C. § 845a. Both *Coates* and *Liranzo* cite the statute's previous codification, but the substance remains substantially the same.

-3-

1990)); *see also United States v. Elder*, No. 3:07-CR-151, 2008 WL 3852346 (E.D. Tenn. Aug. 14, 2008).

Because the government need only prove that defendant possessed with intent to distribute cocaine base while within 1000 feet of Green Magnet School, a public elementary school, and not, as defendant argues, that he intended to actually distribute it within 1000 feet of the school, defendant's motion to dismiss is denied.

**III.    Conclusion**

Having **GRANTED** defendant's Motion to Late File Objection to Report and Recommendation and Motions [Doc. 25], the court considered defendant's Motion to Supplement the Record [Doc. 28] and Objection to Report and Recommendation [Doc. 26]. For the foregoing reasons, defendant's Motion to Supplement the Record [Doc. 28] is **DENIED**, and defendant's objection to the R&R [Doc. 26] is **OVERRULED**. Accordingly, the R&R is **ACCEPTED IN WHOLE**, which the court adopts and incorporates into this order, whereby defendant's Motion to Suppress Evidence [Doc. 12] is **DENIED**. Finally, defendant's Motion to Dismiss "Schoolhouse" Statute in the Superseding [sic] Indictment Because of Its Inapplicability to the Facts and Circumstances in This Case [Doc. 27] is **DENIED**.

      **IT IS SO ORDERED**.

      **ENTER:**

        s/ Thomas W. Phillips
      United States District Judge