IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-129 |
| | ) | (PHILLIPS/GUYTON) |
| ADAM HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 3, 2009, to address the Defendant's Motion to Reopen Suppression Hearing [Doc. 33]. Assistant United States Attorney David Lewen was present representing the Government. Attorney Douglas Trant was present representing Defendant Adam Holmes, who was also present.

On January 19, 2009, the Defendant filed a Motion to Supplement the Record in Suppression Hearing [Doc. 28] and his Objection to Report and Recommendation [Doc. 26]. The District Court denied his Motion to Supplement in an order [Doc. 31] dated January 28, 2009, but noted that the Defendant could pursue entry of the supplemental evidence into the record by moving to reopen the suppression hearing. The Defendant's Motion to Reopen includes these pertinent facts and moves to reopen the suppression hearing. At the hearing, the Defendant stated his intention to rely on the contents of the Motion to Reopen [Doc. 33].

At the hearing, the Government objected to the Motion to Reopen [Doc. 33] and argued that the supplemental evidence was available to previous counsel at the time of the first suppression hearing. Further, the Government maintains that reopening the suppression issue would not be an economic use of judicial resources.

The Court finds that the Defendant should have the opportunity to question Officer Pickens regarding the supplemental evidence including the in-cruiser video, the warrant, and the arrest report and that the Government should have the opportunity to allow Officer Pickens to explain the supplemental evidence and how it relates to his previous testimony. Accordingly, the Court finds that the Motion to Reopen **[Doc. 33]** is well-taken, and it is **GRANTED**. In order to reach a fair determination of the suppression issue, the Court will reopen the suppression hearing and reconsider its previous findings in light of the supplemental evidence or additional testimony and argument offered by the parties at a supplemental hearing to be held **March 10, 2009, at 9:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge