# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-cr-129 |
| | ) | (Phillips/Guyton) |
| ADAM HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Report and Recommendation ("R&R") [Doc. 39] of the Honorable H. Bruce Guyton, United States Magistrate Judge, recommending that defendant's Motion to Suppress Evidence [Doc. 12] be denied. Defendant has timely objected thereto. [Doc. 40]. For the reasons that follow, the R&R is **ACCEPTED IN WHOLE**, whereby defendant's Motion to Suppress Evidence [Doc. 12] is **DENIED**.

### I.     BACKGROUND

Defendant has moved to suppress "all evidence seized during the detention, arrest, and search of the defendant and a Buick vehicle on August 2, 2008." [Doc. 12 at 1]. A suppression hearing was held before Judge Guyton on October 14, 2008 [Doc. 16]. On December 22, 2008, attorney Douglas A. Trant was substituted as retained counsel for defendant. [Doc. 23]. On that same day, Judge Guyton issued an R&R recommending that the motion to suppress be denied. After the deadline for timely objections passed with no such objections filed, this court adopted Judge Guyton's R&R and denied defendant's motion to suppress. [Doc. 24]. Subsequently, new counsel filed a motion to late file an objection [Doc. 25], an objection to the R&R [Doc. 26], a motion to dismiss [Doc. 27], and

-1-

a motion to supplement the record of the suppression hearing [Doc. 28]. The court granted defendant's motion to late file the objection, but after consideration thereof reentered its denial of defendant's motion to suppress and denied defendant's motion to dismiss and motion to supplement the record. [Doc. 31]. Defendant then moved to reopen the suppression hearing [Doc. 33], which motion Judge Guyton granted [Doc. 35], and accordingly a second suppression hearing was held before Judge Guyton on March 10, 2009.

At the second suppression hearing, counsel for defendant presented additional evidence not presented in the first hearing, offered to impeach the testimony of Officer John Pickens that he observed a handgun in defendant's waistband and therefore had reasonable suspicion to conduct the *Terry* investigative stop that ultimately led to defendant's arrest. Specifically, defendant introduced a memorandum from Officer Pickens to his superior [Exh. 1], the affidavit to a criminal complaint used to secure the arrest warrant [Exh. 2], and the in-cruiser video taken from Officer Pickens's police cruiser while he executed defendant's arrest [Exh. 3].

Judge Guyton reaffirmed his finding that the *Terry* stop was supported by reasonable suspicion and that defendant's arrest was supported by probable cause. Defendant objected to these findings, reiterating the argued impeachment of Officer Pickens's testimony by the three exhibits.

## II. ANALYSIS

Defendant "specifically objects to the finding that Officer Pickens was not impeached by his prior report to his superior, the affidavit in support of the warrant, and the in-cruiser video." [Doc. 40 at 1]. Because Officer Pickens only said he saw "something," rather than a gun, defendant contends there was no probable cause to arrest him and therefore the seized evidence should be suppressed.

-2-

Case 3:08-cr-00129-TAV-HBG   Document 42   Filed 04/21/09   Page 2 of 5   PageID #: 159

As noted by Judge Guyton, it is well-established that "an officer may frisk an individual if the individual's conduct leads an officer to reasonably suspect that he is 'armed and presently dangerous to the officer or to others.' " *United States v. Graham*, 483 F.3d 431, 438 (6th Cir. 2007) (quoting *Terry v. Ohio*, 392 U.S. 1, 24 (1968)). Such reasonable suspicion is evaluated by the totality of the circumstances, giving due weight to the officers' factual inferences because of their specialized training and experience. *United States v. Luqman*, 522 F.3d 613, 616 (6th Cir. 2008).

The court agrees with Judge Guyton's finding that the evidence does not impeach Officer Pickens's testimony and that there was reasonable suspicion to conduct a *Terry* search for weapons, later giving rise to probable cause to arrest defendant. Officer Pickens's observation that there was what appeared to be a firearm protruding from defendant's waistband was but one of multiple factors comprising the basis of his reasonable suspicion that defendant was armed. Even were this observation wholly removed, the totality of the circumstances would still establish reasonable suspicion, given the multitude of factors cited by Judge Guyton. As Judge Guyton noted, the "totality of the circumstances" also included the following:

> Officer Pickens's observation of an automobile fitting the unique description of a white box-style Chevrolet Caprice with large rims at the scene of gunfire; a known witness's statement that a suspect was leaving the scene of a shooting in a car fitting the same unique description and was headed toward the Weigel's; Officer Pickens's knowledge that the scene of the shooting was just moments from the Weigel's; the Defendant sitting on the hood of the automobile fitting the unique description only moments after the shooting; the lateness of the hour; the high-crime volume at the Weigel's; the Defendant's evasive behavior; [and] the Defendant's movements and posture, which were consistent with carrying a weapon.

[Doc. 22 at 11]. These circumstances alone established reasonable suspicion to stop and investigate the defendant for weapons, which search eventually gave rise to probable cause to arrest the defendant.

Yet in any event, even considering the additional exhibits proffered by the defendant, such evidence does not contradict the remainder of Officer Pickens's testimony. Officer Pickens had

stated that he observed "something" protruding from the waistband of defendant's pants, rather than a handgun. But as Officer Pickens also testified, through his training he has learned that suspects often hide their firearms in their waistbands or smalls of their back. [Tr., Doc. 20 at 15 (stating that through training knows there are "some places on the human body [where a defendant is] more likely to conceal a firearm than others" including "[t]he waistband, the small of the back")]. Stating that he observed "something" therefore does not directly contradict Officer Pickens's testimony that he suspected that defendant was armed.

Accordingly, the court is in complete agreement with Judge Guyton's thorough analysis and finds that there was reasonable suspicion to perform a *Terry* search for weapons.

### B. Probable Cause

Defendant's suppression motion contested that there was probable cause to arrest him because the firearm found had not been shown to belong to the defendant. [Doc. 13 at 2]. As Judge Guyton found, however, the circumstances indicated that defendant had possession of the handgun, including the circumstantial evidence that the vehicle in which defendant was found had been involved in an earlier firearm disturbance; defendant's nervous mannerisms and evasiveness; and the fact that the handgun was found underneath the towel atop of which defendant had been sitting when he was removed from the backseat of the car. [Doc. 22 at 17-18; Doc. 39 at 13].

Moreover, as discussed above, the initial investigatory stop leading to such probable cause to arrest defendant was valid. Accordingly, the court finds that the circumstances, beginning with the valid investigatory stop, established probable cause to arrest the defendant.

### III. CONCLUSION

For the foregoing reasons, defendant's objections [Doc. 40] are **OVERRULED** and the R&R

[Doc. 39] is **ACCEPTED IN WHOLE**, which the court adopts and incorporates into this ruling, whereby defendant's Motion to Suppress Evidence [Doc. 12] is **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

        s/ Thomas W. Phillips        
United States District Judge